UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ANDREA S. WOLD, | Civil No. 11-1616 (JRT/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

James W. Balmer, **FALSANI, BALMER, PETERSON, QUINN & BEYER**, 306 West Superior Street, Suite 1200, Duluth, MN 55802, for plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant.

Andrea S. Wold ("Wold") brings this action for injuries she suffered due to falling on the ice while attempting to mail a letter on or near the United States Postal Service ("USPS") facilities in the City of Grand Rapids, Minnesota ("the City"). The United States brings a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and a motion for summary judgment under Federal Rule of Civil Procedure 56. The Court will grant the United States's motions because there is no evidence that the United States can be held liable for snow and ice removal in the area where Wold fell.

## BACKGROUND

On January 26, 2010, at about 1:45 P.M., Wold slipped and fell on a drive-through placed next to a concrete island near the post office in the City.  (*See* Compl. ¶ 1, June 20, 2011, Docket No. 1; Mem. in Support of Mot. to Dismiss, Ex. B (Dep. of Ken Johnson 9), Nov. 30, 2012, Docket No. 10; *Id.*, Ex. C at 20.)  The island contained two mailboxes and a City payment deposit box.  (*Id.*, Ex. C at 3-4, 20-21.)  The City built the island to provide its citizens access to the mailboxes from their cars.  (*Id.*, Ex. A (Dep. of Jeff Davies 8-9).)

The United States claims that the City owns the island, as well as the two to three feet of land next to the island where Wold likely slipped.  (*See id.*, Ex. C at 4; Johnson Dep. 18.)[1]  Wold's counsel alleged at oral argument that this two to three feet of land may in fact be owned by the USPS, but he offered no evidence to support this allegation and stated that he was not sure who owned the land.

The parties agree that the portion of the drive-through more than two or three feet away from the mailboxes (which is closer in proximity to the post office) is owned by the USPS and subject to an easement owned by the City.  When the City constructed the drive-through, the USPS granted the City an easement to build the drive-through "for the purpose of public ingress and egress and construction and maintenance of concrete curb

---

[1] Ken Johnson, the postmaster for the City's post office, heard from a customer that a woman had fallen outside.  (Johnson Dep. 5-6, 9.)  He went to find out what had happened and saw an ambulance leave.  (*Id.* 6.)  Wold's truck was still present and parked in the drive-through with the driver's side door next to the concrete island.  (*Id.* 8.)  Based on the information he received, he believed that Wold had fallen directly next to the island.  (*Id.* 9-10; Mem. in Support of Mot. to Dismiss, Ex. C at 20.)

and gutter, concrete pavement, sidewalk, and associated improvements . . . ." (Mem. in Support of Mot. to Dismiss, Ex. C at 1.)

Wold's complaint does not clarify where she fell in relationship to the drive-through, island, or easement. It merely alleges that Wold suffered injury "while **using** United States Postal Service facilities," referring to the mailboxes, with no allegation about who owned the land where she fell. (*See* Compl. ¶ 1 (emphasis added).) Wold has also provided no evidence regarding the exact location where she fell.[2] At oral argument, Wold's counsel stated that it was not clear from the record exactly where Wold fell and that Wold does not recall, but that it was near the mailboxes. It is thus unclear if Wold fell on property owned by the USPS or the City.

The City regularly removed snow and ice from the entire drive-through. (Davies Dep. 16.) On January 24 through 26, 2010, the City plowed, removed snow, and deiced the drive-through. It also brushed and cleared the adjacent sidewalk. (*Id.* 32-40, 61-65.)

The USPS has never removed snow or ice from the drive-through. (Johnson Dep. 15-16.) The USPS also never asked the City to plow or remove snow from the drive-through on any specific occasion. (*Id.* 15.) However, the City's agreement with the USPS regarding the easement portion of the drive-through provides:

> That any construction, maintenance or repair of the mail drop box drive through, sidewalk and collection box island during normal business hours of the Post Office shall be made on such terms and conditions as the Postmaster of Grand Rapids, Minnesota shall approve . . . .

---

[2] Wold has not been deposed and submitted no affidavit in response to the United States's motion.

> Furthermore, it is understood between the parties to this agreement that the United States Postal Service shall reserve the right to maintain and/or alter the improvements described herein.

(Mem. in Support of Mot. to Dismiss, Ex. C at 1).  It appears that the City never sought or obtained approval from the USPS regarding the details of its snow and ice removal. (Johnson Dep. 15; Davies Dep. 17.)  Also, the United States claims that most of the snow and ice removal that the City conducted was completed before business hours.

## ANALYSIS

### I.   STANDARD OF REVIEW

#### A.   Sovereign Immunity

The United States claims that it is entitled to sovereign immunity and brings a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1).  It is the plaintiff's burden to establish that jurisdiction exists.  *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).  In deciding a Rule 12(b)(1) motion, the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Id.* (internal quotation marks omitted).  If the Court finds that jurisdiction is not present, it must dismiss the matter.  Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999).

The Court has subject-matter jurisdiction over a claim against the United States only if the United States has waived its sovereign immunity.  *United States v. Orleans*, 425 U.S. 807, 814 (1976).  The United States has waived immunity for some actions in tort, under the Federal Tort Claims Act ("FTCA").  28 U.S.C. § 2674; *see United States*

*v. Kubrick*, 444 U.S. 111, 117–18 (1979) ("[T]he [FTCA] waives the immunity of the United States and [courts] should not take it upon [them]selves to extend the waiver beyond that which Congress intended."). Specifically, the United States has waived immunity for cases requesting money damages for injury caused by "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). To establish the United States's liability, Wold must show that this waiver applies.

### B. Summary Judgment

The United States also brings a motion for summary judgment. Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from those facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II.    USE OF POST OFFICE BOX

To determine if the United States is entitled to prevail on either motion, the Court must first consider the basis on which Wold attempts to hold the United States liable. In her complaint and at oral argument, Wold did not hinge the United States's alleged liability on the fact that she fell on United States property. Instead, Wold claims that the United States is liable because she fell while using a post office box.

Wold has cited no cases supporting her argument that the United States is liable under the FTCA for her injuries merely because she was using a USPS mailbox, and the Court finds that this fact alone is insufficient to establish the United States's liability. Generally, a business owner is required to exercise reasonable care to warn a business invitee of dangers that the owner knows exist or which the owner could discover with reasonable care. *Dempsey v. Jaroscak*, 188 N.W.2d 779, 782 (Minn. 1971); *Behrendt v. Ahlstrand*, 118 N.W.2d 27, 30 (Minn. 1962). However, "[e]ach mailbox is not a branch post office." *Dix v. United States*, 296 F.2d 20, 23 (2d Cir. 1961). If the United States did not own or control the land where Wold fell and did not contribute to the hazard near the mailbox, it cannot be held responsible for Wold's injuries even if she was using a USPS mailbox. *See Strong v. Richfield State Agency, Inc.*, 460 N.W.2d 106, 108 (Minn. Ct. App. 1990) (holding that business owner was not responsible for plaintiff's fall because it did not own the property where the fall occurred and had not contributed to the

hazard).³  Accordingly, the Court finds that the United States is not liable simply because Wold was using a post office box when she fell.⁴

## II.   OWNERSHIP OF AND CONTROL OVER LAND

The Court will next consider whether the United States could be held liable because it had ownership of or control over the land where Wold fell.  Despite Wold's speculations to the contrary, there is no evidence in the record that the United States owned the land two or three feet in front of the island, where she may have fallen; instead, it appears that this land was owned by the City.  Thus, it appears that Wold fell either on land owned by the City or on land owned by the United States but subject to an easement by the City.  The Court will first consider the United States's potential liability if Wold fell on land owned by the City and will then consider its liability if Wold fell on the easement.

### A.   Land Owned by City

If Wold fell on land owned by the City, there is no evidence to support the United States's liability.  As stated above, the placement of a USPS mailbox on City property does not create liability on behalf of the United States.  Furthermore, there is no evidence

---

³ The Court further finds that the result is not different because this particular post office box was located in front of a postal facility.  *See Dix*, 296 F.2d at 24 ("There is no sound legal reason why the fact that this particular box was placed . . . in front of the Post Office building should put it in a different category from other similarly located and exposed mailboxes.").

⁴ This holding alone is likely grounds to dismiss Wold's complaint because she did not allege who owned the land where she fell, and instead simply asserted that the United States is liable because of she fell while using postal facilities.  Nonetheless, the Court will consider whether the ownership of or control over the land where Wold fell might subject the United States to liability.

that the United States agreed to clear the area around the mailboxes from ice and snow or otherwise acted in a way that might bring about its liability for Wold's injuries. Accordingly, if the City owned the land where Wold fell, the United States is not liable for her injuries.[5]

### B. Easement

The Court will next consider if the United States can be held liable if Wold fell on the easement. There are two potential arguments for why the United States could be liable for a fall on the easement: first, because of its ownership of the land underlying the easement, or second, because of its control over the City's actions on the easement. The Court will consider these arguments in turn.

#### 1. Ownership of Land

First, the Court will consider whether the United States is responsible because it is the owner of the land upon which the easement is located. *See Larson v. State*, 790 N.W.2d 700, 703 (Minn. 2010) ("An easement is an interest in land owned by another person, consisting in the right to use or control the land . . . for a specific limited purpose." (internal quotation marks omitted)). The Court finds that this fact alone is not enough to impute liability to the United States for occurrences on the land.

---

[5] The United States is also not responsible, as an adjacent landowner, for maintaining property owned by the City. *See, e.g.*, *Sternitzke v. Donahue's Jewelers*, 83 N.W.2d 96, 100 (Minn. 1957); *Jones v. Evenstar Book Store, Inc.*, No. A05-863, 2006 WL 52263, at *6 (Minn. Ct. App. Jan. 10, 2006).

Under the common law of easements, the party with the easement – here, the City – and not the landowner is responsible for any damage resulting from a failure to maintain or repair an easement, absent a separate agreement. *See Matter v. Nelson*, 478 N.W.2d 211, 214 n.1 (Minn. Ct. App. 1991). There is no allegation of an agreement that the United States would remove the ice and snow in this case. Thus, the Court finds that the United States is not liable solely because it is the owner of the land underlying the easement.

### 2.     Relationship with City

The Court will next consider if the United States can be held liable for Wold's fall on the easement because the City acted as an agent for the United States when it conducted the snow and ice removal.[6] To decide this issue, the Court must look to the FTCA. As stated above, the FTCA allows the United States to be liable for the negligent conduct of "any employee of the Government." 28 U.S.C. § 1346(b). An "[e]mployee of the government" includes "officers or employees of any federal agency" and "persons acting on behalf of a federal agency in an official capacity." 28 U.S.C. § 2671. When a federal employee has caused damage by being negligent in the performance of his or her

---

[6] Wold's counsel stated at oral argument that Wold was not alleging that the City acted as an agent for the USPS and was instead alleging that USPS employees were responsible for maintaining the area around the mailbox. Wold has offered no evidence, however, that USPS employees were responsible for removing the ice and snow around the island or that USPS employees were prohibited from contracting with others to perform this task. Accordingly, the Court will consider the issue of agency.

job, the United States is held liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

The FTCA does not waive sovereign immunity for the actions of entities, such as independent contractors, whose performance is not subject to the United States's supervision. *Logue v. United States*, 412 U.S. 521, 525-27, 531-32 (1973). This is so even if the contractor would perform a task that would otherwise be performed by salaried employees of the United States, *id.* at 532, and even where the contractor must comply with federal standards and regulations, *Orleans*, 425 U.S. at 815. However, the United States can be held liable for the actions of an agent over whom the United States controls the day-to-day operations or the detailed physical performance. *Id.* at 814-15.

Applying these guidelines, the Court finds that the City was not an agent of the United States when it conducted the snow and ice removal. First, there is no evidence that the United States **actually** supervised or retained control over the City's removal of ice and snow from the easement. Furthermore, there is no evidence that the United States had the contractual **right** to supervise this removal.[7] As stated above, the contract between the City and the United States allowed that the City's maintenance of the mailbox drive-through "shall be made on such terms and conditions as the Postmaster of Grand Rapids, Minnesota shall approve." The Court finds that this language did not

---

[7] *B & A Marine Co. v. Am. Foreign Shipping Co.*, 23 F.3d 709, 713 (2d Cir. 1994) ("Courts have found it indicative of an agency relationship if the Government enjoys the power to control the detailed physical performance of the contractor **or** if the Government in fact supervises the day-to-day operations." (emphasis in original) (internal quotation marks omitted)); *see also Kirchmann v. United States*, 8 F.3d 1273, 1275 (8th Cir. 1993) ("The critical question is whether the government has asserted **the power to control** the detailed physical performance of the contractor." (emphasis added) (internal quotation marks omitted)).

provide the United States with authority to oversee the day-to-day operations or details of the City's snow removal; rather, it was more akin to setting general standards and regulations (or, as stated in the contract, the "terms and conditions") for the City's behavior.  *See Orleans*, 425 U.S. at 815-16.  Thus, the United States did not retain sufficient authority over the City's removal of ice and snow for the City to be considered an agent of the United States under the FTCA.  The United States therefore possesses sovereign immunity for the City's alleged negligence in its snow and ice removal, and the Court will dismiss Wold's complaint.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss and for summary judgment [Docket No. 9] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  May 10, 2013
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge